HEATHER E. WILLIAMS, #122664
Federal Defender
MATTHEW C. BOCKMON, #161566
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Tel: 916-498-5700/Fax 916-498-5710
matthew.bockmon@fd.org

Attorney for Defendant
BOBBY JONES-HANLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 13-cr-265 LKK |
| | ) |
| Plaintiff, | ) STIPULATION AND ORDER TO CONTINUE |
| | ) STATUS CONFERENCE DATE AND TO |
| vs. | ) EXCLUDE TIME |
| | ) |
| BOBBY JONES-HANLEY, | ) Date: November 19, 2013 |
| | ) Time: 9:15 a.m. |
| Defendant. | ) Judge: Lawrence K. Karlton |
| | ) |
| _____ | ) |

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for status on October 29, 2013.

2.  By this stipulation, defendant now moves to continue the status conference until November 19, 2013, and to exclude time between October 29, 2013, and November 19, 2013, under Local Code T4. Plaintiff does not oppose this request.

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The government has represented that the discovery associated with this case includes approximately 175 pages of documents; two DVDs containing evidence photographs; one DVD containing audio/video recordings; and voluminous physical items seized from defendant. All of this discovery has either been produced directly to counsel or made available for inspection.

    b)  Counsel for defendant desires additional time to consult with his client, review and copy discovery for this matter, and discuss potential resolution with his client.

c)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)    The government does not object to the continuance.

e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 29, 2013, to November 19, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated:  October 24, 2013

                                        Respectfully submitted,

                                        HEATHER E. WILLIAMS
                                        Federal Defender

                                        */s/ Matthew C. Bockmon*
                                        MATTHEW C. BOCKMON
                                        Assistant Federal Defender
                                        Attorneys for Defendant

                                        BOBBY JONES-HANLEY

Dated: October 24, 2013                 BENJAMIN B. WAGNER
                                        United States Attorney

                                        */s/ Matthew C. Bockmon for*
                                        NIRAV K. DESAI
                                        Assistant U.S. Attorney

**ORDER**

UPON GOOD CAUSE SHOWN and the stipulation of all parties, it is ordered that the October 29, 2013, status conference hearing is continued to November 19, 2013 at 9:15 a.m.

Based on the representation of defense counsel and good cause appearing there from, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. It is ordered that time up to and including the November 19, 2013 status conference shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) and Local Code T4 for continuity and preparation of counsel.

Dated: October 25, 2013

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT